IN RE APPLICATION OF WILSON.

[Cite as *In re Application of Wilson,* 134 Ohio St.3d 168, 2012-Ohio-5480.]

*Attorneys—Character and fitness—Dishonesty, neglect of financial responsibilities, and lack of diligence require disapproval of application to take the bar exam—Applicant may apply to take the July 2014 bar exam.*

(No. 2012-0429—Submitted June 19, 2012—Decided November 29, 2012.)

ON REPORT by the Board of Commissioners on Character and

Fitness of the Supreme Court, No. 498.

_____

**Per Curiam.**

{¶ 1} Eric Wilson of Cincinnati, Ohio, graduated from the University of Dayton School of Law in May 2009. Wilson applied to register as a candidate for admission to the Ohio bar and, on April 1, 2009, filed his application to take the July 2009 bar exam, along with a supplemental character questionnaire. An admissions committee of the Dayton Bar Association interviewed Wilson in June 2009 and in a July 2, 2009 letter, requested that Wilson provide additional information relating to two areas of concern: (1) Wilson's failure to disclose in his 1992 application to the Detroit College of Law that he had been dismissed from the Golden Gate University School of Law in 1988 for poor academic performance and (2) Wilson's default on his significant student-loan debt. Although Wilson received the letter, he did not provide all of the information requested by the committee. The committee did not approve his character and fitness, and Wilson was not permitted to take the July 2009 exam.

{¶ 2} In December 2010, Wilson applied to take the February 2011 bar exam and filed another supplemental character questionnaire. The admissions

committee interviewed him again in January 2011. Wilson did not provide the information that the committee had requested in 2009, and the interview did not go well. Citing Wilson's default on his student loans, his dishonesty on his 1992 application to the Detroit College of Law, his failure to provide the documentation previously requested by the committee, and his uncooperative attitude toward the proceedings, the admissions committee disapproved Wilson's application based on his lack of character, fitness, and moral qualifications. Wilson appealed to the Board of Commissioners on Character and Fitness. *See* Gov.Bar R. I(12).

{¶ 3} Because Wilson's attorney was unavailable, a July 2011 hearing set by a panel of the board was rescheduled to November 2011. Following the hearing, the panel issued a report expressing concerns about Wilson's failure to disclose on his application to the Detroit College of Law his dismissal from the Golden Gate University School of Law, his failure to make any effort to pay his student loans, his failure to hold a full-time job from August 2003 through September 2011, and his lack of cooperation with the admissions process as well as his lack of preparation for the hearing. Based upon those concerns, the panel recommended that Wilson's application be disapproved at this time. Although the panel indicated that Wilson should be permitted to reapply as a candidate for admission to the bar, it made no recommendation as to when he should be able to do so.

{¶ 4} The board adopted the panel's findings of fact and recommendation that Wilson's application be disapproved and further recommends that he be permitted to apply for the February 2016 bar examination.

{¶ 5} Wilson objects to the board's report. While he does not challenge the factual findings, except to argue that those findings are incomplete, he contends that he has proved by clear and convincing evidence that he has the

2

requisite character, fitness, and moral qualifications to be a member of the bar and should therefore be permitted to take the next bar examination.

**{¶ 6}** First, Wilson points out that the false statements on his application to the Detroit College of Law were made 20 years ago and that he made no effort to conceal from the admissions committee or the board that he had made the false statements. While this is true, during his initial character and fitness examination in 2009, the admissions committee believed that Wilson was not being entirely candid in explaining his failure to disclose his previous law-school experience. On his application to register as a candidate for admission, he claimed that the Detroit College of Law application stated that "any matriculation of 5 years or older would not be counted." The application had no such statement. The panel also questioned the veracity of his claim that the omission was the result of his rushing through the law-school application, given that as part of that application he also submitted a personal statement that indicated that he had never before applied to law school: "If I had had the foresight [sic] to see the importance that a legal education could have, I might have applied for admission earlier. However, I feel that any elapsed time that I may have lost has been more than offset by the added maturity that I have gained since college."

**{¶ 7}** Following the 2009 admissions-committee interview, the committee requested documentation regarding his applications to other law schools. Wilson received that request but did not comply, and he was aware that his failure to provide the requested documentation resulted in the committee's disapproval of his application. Therefore, he was on notice that the requested documents would be relevant to any subsequent assessment of his character and fitness. Yet when he applied to take the February 2011 bar exam and appeared for his character and fitness examination, he did not produce the requested information. Nor did he comply with the panel's request that he produce the documents following the 2011 panel hearing.

**{¶ 8}** Regarding his student loans, Wilson never made a single payment on the $32,300 in student loans that he had accumulated as an undergraduate at the University of Cincinnati from 1980 through 1987 and as a first-year law student at Golden Gate University School of Law from 1987 to 1988. He admitted that when he discovered that the loans were not listed on his credit report, he paid no attention to them and made no effort to pay them. Wilson also accumulated four student loans totaling $120,000 to fund his legal education at the University of Dayton School of Law. He testified that two of those loans, with a total principal balance of approximately $60,000, are now in default and he has no plans to begin repayment because he simply does not have the money. Wilson's claims that he is financially responsible are simply not credible in light of his complete failure to address his default on his student loans. His default was not a one-time event 25 years ago, as he claims; it is ongoing.

**{¶ 9}** Wilson's claims that he has attempted to find full-time employment at various points in the last ten years are likewise not true. Instead of seeking steady employment to support himself and reduce his student-loan debt, he has for much of his adult life elected to rely on his family to help him financially while he worked seasonal jobs and ran—unsuccessfully—for public office. His complete disregard of his financial obligations does not inspire confidence that he is worthy of "the trust of clients, adversaries, courts, and others with respect to the professional duties owed to them." Gov.Bar R. I(11)(D)(3). Moreover, Wilson's failure to prepare for the panel hearing that would determine the fate of his legal career left him unaware that he bore the burden of proving by clear and convincing evidence that he possessed the requisite character, fitness, and moral qualifications for admission to the practice of law.

**{¶ 10}** Based upon these facts, we find that the record manifests significant deficiencies in Wilson's honesty, trustworthiness, diligence, and

reliability that warrant disapproval of his application at this time. *See* Gov.Bar R. I(11)(D)(3). Therefore, we disapprove Wilson's application at this time.

**{¶ 11}** The board recommends that Wilson be permitted to apply for the February 2016 bar exam. Wilson objects, arguing that such a lengthy delay will further exacerbate his financial difficulties and prevent him from fully addressing his financial obligations.

**{¶ 12}** In order to be a viable candidate for admission to the bar in the future, Wilson must maintain full-time employment, devise a strategy to satisfy his significant debt, and fully cooperate in the admissions process. While obtaining his license to practice law may be part of his long-range plan, he must first demonstrate that he has accepted responsibility for his past actions, that he is committed to honoring his financial obligations, and that he is capable of exercising good judgment.

**{¶ 13}** Accordingly, we disapprove Wilson's current application, but we permit him to apply for the July 2014 bar examination by submitting a new application to register as a candidate for admission to the bar and an application to take the bar examination. At that time, he shall submit to a full character and fitness investigation by the appropriate bar association admissions committee.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Omar Tarazi, for applicant.

Bieser, Greer & Landis, L.L.P., and Gretchen M. Treherne, for Dayton Bar Association.

_____